82 F.3d 418
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kirk Douglas LEAPHART, Plaintiff-Appellant,
v.
Shelly PETERSON; Ken Gearin, Defendants-Appellees.
 No. 95-1925.
 United States Court of Appeals, Sixth Circuit.
 April 17, 1996.
 
 1
 Before: MERRITT, Chief Judge; MILBURN, Circuit Judge, and O'MALLEY, District Judge.*
 
 ORDER
 
 2
 This is an appeal from a summary judgment for the defendants in a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1994 Kirk Douglas Leaphart, a Michigan inmate, filed a civil rights complaint against two deputy wardens at the Alger Maximum Correctional Facility, Munising, Michigan. Leaphart sought monetary damages and injunctive relief from the defendants in their individual capacities for an alleged abridgement of his First Amendment rights. The matter was eventually referred to a magistrate judge who recommended that Leaphart's complaint should be dismissed for failure to state a claim upon which relief could be granted. The district court adopted the recommendation over Leaphart's objections and this appeal followed. The parties have briefed the issues; Leaphart is proceeding without benefit of counsel.
 
 
 4
 On September 20, 1994, Leaphart was in administrative segregation at the Alger Facility. On that date, Leaphart was released from segregation and advised that he would be returned to that status if he incurred any institutional misconducts. On October 13, 1994, Leaphart was reclassified to administrative segregation after having been found guilty of the institutional infraction of "insolence." Leaphart's complaint cites this reclassification as the operative harm in this complaint. He reiterates in his appellate filings that he is specifically challenging the regulation itself as an unconstitutional exercise and at no time has he challenged the underlying facts of the misconduct or the process accorded him.
 
 
 5
 The district court's judgment was based on an examination of documents outside the scope of the complaint and will therefore be reviewed as a summary judgment. A grant of summary judgment will be reviewed de novo on appeal using the same test employed by the district court. Brooks v. Am. Broadcasting Cos. Inc., 932 F.2d 495, 500 (6th Cir.1991). Generally, summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 6
 The defendants in this cause were clearly entitled to judgment as a matter of law. The gravamen of Leaphart's complaint is unquestionably his contention that the State of Michigan, through the legislature and its corrections officers, is absolutely prohibited from promulgating any restriction on Leaphart's ability to express himself in prison. In law, no such prohibition exists. The regulation at issue is a restriction on an inmate's use of words, or other behavior, intended to harass or alarm corrections personnel. This prohibition is defined as "[a]busive language, writing or gesture directed at an employee."
 
 
 7
 " '[L]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.' " Pell v. Procunier, 417 U.S. 817, 822 (1974) (quoting Price v. Johnston, 334 U.S. 266, 285 (1948)). "In the First Amendment context a corollary of this principle is that a prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." Id. The Constitution has never been interpreted as giving an inmate license to heap verbal abuse upon corrections officers. The complaint, and this appeal, are meritless.
 
 
 8
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Kathleen M. O'Malley, United States District Judge for the Northern District of Ohio, sitting by designation